# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **KAREN ELIZABETH MORTON,** | § | |
| | § | |
| **plaintiff,** | § | |
| | § | |
| **v.** | § | **Case 4:24-cv-1107** |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| | § | |
| **defendant.** | § | |

## LAKEVIEW'S FEDERAL REMOVAL NOTICE

Lakeview Loan Servicing, LLC (**Lakeview**) removes Karen Elizabeth Morton's state court action to this court pursuant to 28 USC §§ 1332 and 1441 as follows:

### I.    STATEMENT OF THE CASE

1.    On November 1, 2024, Ms. Morton sued Lakeview in the case styled *Karen Elizabeth Morton v. Lakeview Loan Servicing, LLC* and assigned case C2024277 in the 355th District Court of Hood County, Texas. (orig. pet., **ex. 1**.)  Ms. Morton sued to enjoin a November 5, 2024 foreclosure sale of the property located at 4005 Frisco Court, Granbury, Texas 76048.  (*Id*. at ¶¶ 6, 20-21, 22, 25, & prayer, **ex. 1**.)  She asserts claims for injunctive and declaratory relief, wrongful foreclosure, breach of contract, negligent misrepresentation, negligence, and statutory fraud.  (*Id*. at ¶¶ 20-21, 26-27, 28, 29, 30, 31, & 32, **ex. 1**.)  Ms. Morton is seeking injunctive and declaratory relief, compensatory, special, general, treble and punitive damages.  (*Id*. at ¶¶ 20-27 & prayer, **ex. 1**.)

### II.    BASIS FOR DIVERSITY JURISDICTION

2.    The court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

**A.     The parties are citizens of different states.**

3.     Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005).  Ms. Morton is a citizen of Texas because she is domiciled in Hood County, Texas.  (orig. pet. at ¶ 2, **ex. 1**); *Preston v. Tenet Healthsystem Mem'l Med. Ctr.,* 485 F.3d 793, 797-98 (5th Cir. 2007).

4.     Lakeview is a citizen of Delaware and Florida. As a limited liability company, Lakeview's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Lakeview is a limited liability company organized and existing under the laws of the State of Delaware. The sole member of Lakeview is Bayview MSR Opportunity Corp. (**Bayview MSR**)—a Delaware Corporation with its principal place of business in Florda. Bayview MSR is wholly owned by Bayview MSR Opportunity Master Fund, L.P (**Bayview Master Fund**), which its majority owner is Bayview MSR Opportunity Offshore, L.P. As such, no person indirectly holds a 10% or greater interest in Lakeview and no entity indirectly owns a 25% or greater interest in Lakeview. The power to exercise control of Lakeview resides with the General Partner of Bayview Master Fund, Bayview Capital GP MSR, LLC, which is a 100 percent owned and controlled subsidiary of Bayview Asset Management, LLC.

**B.     The amount in controversy exceeds $75,000.**

5.     When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. 28 USC § 1446(c)(2).  If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the plaintiff's claims.  *St. Paul*

*Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In those instances, the removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if "(**1**) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (**2**) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*. (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

6.     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); see also *Nationstar Mortg., LLC v. Knox,* 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp*., 296 F.2d 545, 547-48 (5th Cir. 1961)).

7.     The object of this litigation—4005 Frisco Court, Granbury, Texas 76048—is valued at $314,424 by the Hood Central Appraisal District. (appraisal dist. report, **ex. 7**.) *See e.g.*, *Anderson v. Wells Fargo Bank, N.A*., No. 4:12-cv-764, 2013 WL 1196535, at *3 (E.D. Tex. Feb. 22, 2013) ("The property at issue in this lawsuit has a current fair market value of $114,000, according to the Denton County Central Appraisal District. Therefore, Defendant has met its burden of establishing that the amount in controversy exceeds $75,000.") The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction over this action.

### III.    PROCEDURAL REQUIREMENTS SATISFIED

8.    Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of Lakeview's receipt of the petition and citation through service of process, if at all.  *Murphy Bros.,Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (1999) (requiring formal service of process to trigger removal deadline).  Venue is proper in this court because the United States District Court for the Northern District of Texas, Fort Worth Division, embraces the place in which the state court action was pending.  28 USC § 1441(a).  Notice has been sent to the state court regarding this removal.  Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-4**.

### IV.    CONCLUSION

The parties are completely diverse and the amount in controversy exceeds $75,000.  This court may exercise diversity jurisdiction.

Date: November 12, 2024                    Respectfully submitted,

    */s/ C. Charles Townsend*
    C. Charles Townsend
     --*Attorney in Charge*
    SBN: 24028053, FBN: 1018722
    ctownsend@hinshawlaw.com
    HINSHAW & CULBERTSON LLP
    1717 Main Street, Suite 3625
    Dallas, Texas 75201
    Telephone: 945-229-6380
    Facsimile:  312-704-3001

    Alfredo Ramos
    SBN: 24110251, FBN:  3687680
    framos@hinshawlaw.com
    HINSHAW & CULBERTSON LLP
    5151 San Felipe St., Suite 1380
    Houston, Texas 77056
    Telephone: 346-553-4512
    Facsimile:  312-704-3001

    **ATTORNEYS FOR LAKEVIEW**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of this document was served on November 12, 2024 as follows:

Karen Elizabeth Morton
4005 Frisco Court
Granbury, TX 76048
**<u>VIA CERTIFIED MAIL</u>**
**<u>NO. 9589071052700101054398</u>**
**<u>VIA FIRST CLASS MAIL AND</u>**
**<u>VIA EMAIL karen.mortonnurse@gmail.com</u>**

       */s/ Charles Townsend*
       C. Charles Townsend