# EXHIBIT 1

**FILED**
NOV 01 2024
Roberta Zamarron
Clerk District Court, Hood County, Texas

CAUSE NO. **C2024277**

| | | |
|---|---|---|
| **KAREN ELIZABETH MORTON** | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| vs. | § | HOOD COUNTY, TEXAS |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC** | § | 355th JUDICIAL DISTRICT |
| *Defendant* | § | |

## ORIGINAL PETITION & APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **KAREN ELIZABETH MORTON.** and brings this suit and complains of Defendant, **LAKEVIEW LOAN SERVICING, LLC** for cause of action will show the Court the following: damages cannot be measured by any certain pecuniary standard therefore injunctive relief must issue.

### I. DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 3, pursuant to Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2. Plaintiff is aa individual residing in Hood County, Texas.

3. Defendant, **LAKEVIEW LOAN SERVICING, LLC** ("Defendant Lakeview") is upon information and belief qualified to do business in Texas, however is a Delaware limited liability company. Its **registered agent is Corporation service Company, d/b/a CSC-Lawyers Incorporating Service Company, and its registered office if located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.**

### III. VENUE AND JURISIDICITON

4. Venue in Hood County, Texas is proper in this cause under §15.002 and/or §15.011 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in this county, or this action involves real property as provided by §15.011, and this county is where the real property is located.

5. Jurisdiction is proper because the amounts in controversy exceed the minimum jurisdictional limits of this Court, because Defendant conducts business in this State, and because the events giving rise to this suit arose out of the business conducted by Defendant in this State.

### IV. FACTS

6. Defendant is attempting to wrongfully foreclose on what is commonly known as **4005 Frisco Court, Granbury, Texas 76048**, and more formally described as:

> Lot 13, Block 2, Knob Hill Phase Two, a subdivision in Hood County, Texas according to the plat recorded in Slide A-311-B of the Plat Records of Hood County, Texas (the "Property").

7. The loan was procured and signed by Plaintiff and her late husband on February 3, 2021 with the "Lender" defined as SFMC LP DBA Service First Mortgage Company (see **Exhibit 1, Deed of Trust**). The original loan amount was $257,254.00 (see **Exhibit 2, Note**). Said Note was paid timely each month for many years.

8. A week after the loan initiated it was assigned to Defendant Lakeview and Defendant Lakeview has had the loan for the remainder of the loan to present

9. At the time of originating the loan, Plaintiff was a head nurse at a major hospital in the area. At this time the hospital put certain policies in place due to COVID which restricted Plaintiff's work drastically, and out of her desire to provide the best treatment to her patients as possible, she ethically could no longer work for this hospital. She was terminated because of her

ethical concerns.

10. Plaintiff thereafter noticed that the statements Defendant Lakeview was sending on a monthly basis kept increasing drastically. Her payments went from roughly $1,000.00 a month to more than $4,000.00 a month. Plaintiff understanding that with escrowing her taxes and insurance, a subtle jump was expected, but this drastic amount was without merit. Plaintiff contacted Defendant Lakeview and asked the reason for the drastic increase in the monthly payments. Defendant Lakeview's representatives told her that "because the economy is not good right now everyone is paying more". This was an unsatisfactory answer in that her Note was a fixed rate note, therefore the principal and interest should never adjust.

11. Plaintiff being a highly skilled head nurse was able to find replacement employment rapidly. All was well for a period of time until Plaintiff was in a near fatal vehicle accident. Due to this accident Plaintiff was unable to be on her feet for extended periods of time, and the nerves in her arms caused issues such that she was unable to treat patients adequately. She was dismissed from her position in 2023. Still recovering from the accident Plaintiff began calling Defendant Lakeview to get the answers she so desperately needed, unfortunately the answers were never provided.

12. At this same time Plaintiff was again in a close to fatal accident.[1] Her injuries from the first accident and those from the second created a situation that Plaintiff could not work. She contacted Defendant Lakeview requesting some assistance, but none was provided. Further Plaintiff continued to inquire as to why her monthly loan payment quadrupled. Defendant Lakeview provided no plausible answers and no explanations as to the drastic increase in payments.

---

[1] Plaintiff was in four near fatal accidents between 2021 and 2024, all of which she was not at fault.

*Original Petition- TRO*
*Page 3 of 13*

13. In October of 2023 Plaintiff was the victim of random act of violence, an assailant sprayed her with Ricin poison at the Love Field airport in Dallas, Texas. Plaintiff was on her way to spiritual retreat to Florida when this act of cruelty occurred. Once she recovered from this near-death attack, she contacted the FBI to file reports. To this day the FBI has not contacted her regarding the prosecution of the assailant nor for victim assistance of any kind.

14. Since Plaintiff was not receiving answers, Plaintiff had a formal investigation performed on her loan by a licensed investigator (see **Exhibit 3, Department of Public Safety, Security Licensed Mortgage Investigator Affidavit of Joseph R. Esquivel Jr.**). This investigation uncovered a number of inconsistencies and errors made by Defendant Lakeview.

15. In May of 2024 Plaintiff discovered that Defendant Lakeview lacked the authority to collect on the Note and enforce the Deed of Trust (see **Exhibit 3**). Plaintiff presented this evidence to Defendant Lakeview on multiple occasions. Further Plaintiff recorded documents in the public recording providing Defendant Lakeview notice of same. Rather than review and consider the issues and take actions to resolve same, Defendant Lakeview filed a Texas Government Code §51.903 action attempting to remove the documents (this case remains open in this District Court with Cause No. MISC. DOCKET NO. C2024243 and a hearing on same is scheduled for November 13th, 2024).

16. Just a few weeks ago, Plaintiff had a scheduled operation on her arm to attempt to repair some of the damage from the accidents. During the surgery (it was discovered after the surgery that the anesthesiologist had administered beta blockers) Plaintiff's heart stopped, she was flat lined for a period of time. During this surgery it was decided that a pacemaker should be installed. At present Plaintiff is recovering from this surgery.

17. During everything that Plaintiff is experiencing and through her efforts to resolve

this matter with Defendant Lakeview, Plaintiff received a Notice of Foreclosure (see **Exhibit 4**)

18.  Plaintiff has verified the above facts see Verification of Facts (see **Exhibit 5**).

## V. CAUSES OF ACTION

### A. INJUNCTIVE RELIEF/APPLICATION FOR TEMPORARY RESTRAINING ORDER

19.  Defendant's wrongful actions in not following through with the contract and Defendant Lakeview's deceptive actions against Plaintiff has caused a substantial detriment to Plaintiff. Plaintiff has and continues to cooperate with Defendants in order to resolve this matter without having to file this Petition, however Defendant's deception is far reaching.

20.  **GROUNDS FOR INJUNCTIVE RELIEF**: Tex. Civ. Prac. Rem. Code §65.011 (1), (2), (3), (4) and (5).

   a.  It is well established law in the State of Texas that an applicant for injunctive relief is entitled to same if (i) an applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant; (ii) a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual.[2]

   b.  Here it is clear that a Defendant Lakeview's actions to deceive Plaintiff and now setting Plaintiff's Property for foreclosure is in violation of both (i) and (ii) above, and therefore unless this wrongful action by Defendants of attempting to sell the Property to a third party is not enjoined Plaintiff will experience irreparable harm. Because the Defendant is moving forward with the foreclosure of the Property, the injunctive relief sought is the only remedy

---

[2] Tex. Civ. P. Rem. Code §65.011 (1), (2)

Original Petition- TRO
Page 5 of 13

available, no other adequate legal remedy exists.3

21. **PREREQUISITES FOR INJUNCTIVE RELIEF**:

a. <u>Causes of Action and Suit for Damages</u>: Plaintiff is pursuing multiple avenues of recovery to address the wrongful actions of Defendant. The state causes of action include: **Common-Law Wrongful Foreclosure, Breach of Contract, Negligent Misrepresentation, Negligence, and Statutory Fraud-Fraud in Real Estate**

b. <u>A Probable Right to Relief:</u> Simply by the facts stated above, the evidence provided in the attached affidavit, and the fact that Defendant lacks authority to proceed with the foreclosure sale of the Property it is clear and evident that Plaintiff will prevail, and since the Plaintiff is affirming the facts in this petition (see **Exhibit 5, Verification of Facts**) and the application for Temporary Restraining Order, there is a strong likelihood of success in litigating the merits of this case.4  In this case it is clear that Plaintiff will prevail on the merits of each cause of action plead.

c. <u>Probable Injury</u>: It is a well-known fact that if the foreclosure sale is allowed to proceed, Plaintiff will suffer irreparable harm. If the foreclosure sale is allowed to proceed, Plaintiff will suffer great harm without the issues discussed herein being addressed. This puts the Plaintiff at a disadvantage therefore greatly injuring the Plaintiff. By the Plaintiff losing the Property Plaintiff's harm is unequivocally an injury which is clearly imminent, irreparable harm with no other adequate remedy at law.5  *Imminent Harm*: clearly unless the

---

3 *Town of Palm Valley v Johnson* 87 S.W.3d 110, III (Tex.2001) & *Matagorda City Hospital District v. City of Palacious* 47 S. W3d 96, 103 (Tex.App---Corpus Christi 200 I, no pet.)

4 *Butnaru v. Ford Motor Company* 84 S. W.2d 198, 204 (Tex.2002) & *Walling v. Metcalfe* 863 S.W.2d 56, 57 at 58 (Tex. 1993) each standing for the fact that if applicant shows a probable right to the relief sought on fmal hearing, injunctive relief should issue. *DeSantis v. Wackenhut Corp.* 793 S. W.2d 670, 686 (Tex. 1990)

5 *Harbor Perfusion. Inc* v. *Floyd* 45 S.W.3d 713. 716 (Tex. App.--Corpus Christi *2001,* no pet) & *Henderson* v.

Defendant is enjoined from going forward with the foreclosure sale of the Property, Defendant will proceed thereby harming Plaintiff. *Irreparable Injury:* as discussed above unless this sale of the Property is enjoined, Plaintiff will experience irreparable injury and will lose the Property. Since real property is unique there is no adequate redress monetarily to offset Plaintiff losses, therefore making a wrongful taking as is the case here irreparable injury. *Inadequate Remedy at Law:* unfortunately, there is no adequate remedy at law to stop a wrongful foreclosure sale, therefore Plaintiff only has one option, to plead to this Court for equitable relief and request injunctive relief thereby stopping the noticed foreclosure sale of the Property.

22. **REQUEST FOR A TEMPORARY INJUNCTION:** Plaintiff requests of this Court to issue a temporary restraining order and to set a temporary injunction hearing as soon thereafter enjoining the wrongful actions of Defendant until this matter is adjudicated.6

23. **NOTICE TO DEFENDANT/EX PARTE:** Because of the timing of this matter and the pending foreclosure sale, there is not time to allow for additional attempts at notice. Despite the lack of "adequate" notice this application and issuance of a temporary restraining order may proceed.7

24. **PLAINTIFF'S WILLINGNESS TO POST BOND:** Plaintiff will of course post bond, however, would compel this Court to consider a *de minimis* bond.

25. **SPECIFIC RELIEF SOUGHT:** Plaintiff encourages this Court to enjoin the Defendant and the substitute trustee from foreclosing on the Property which is commonly known as **4005 Frisco Court, Granbury, Texas 76048**, and more formally described as:

---

*KRTS, Inc.* 822 S.W.2d 769,773 (Tex.App---Houston [1" Dis!.] 1992, no writ)

6 Tex. R. Civ. P. §680

7 Tex. R. Civ. P. §680

---

*Original Petition- TRO*
*Page 7 of 13*

Lot 13, Block 2, Knob Hill Phase Two, a subdivision in Hood County, Texas according to the plat recorded in Slide A-311-B of the Plat Records of Hood County, Texas.

## B. DECLARATORY RELIEF

26.     An actual controversy has arisen and now exists between Plaintiff and Defendant regarding the respective rights and duties, in that Plaintiff contends that Defendant does not have and lacks authority to proceed with the foreclosure. Further, Plaintiff contends that Defendant has lost its right to foreclose on the Property, thereby invalidating the lien against same.

27.     Plaintiff requests this Court pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37 *et seq* declare the rights, status, and other legal relations as between the Plaintiff and Defendant associated with the Property and specifically the rights if any to move forward with a foreclosure sale of the Property. Further, Plaintiff requests this court find that the deed of trust or lien against the Property is invalid and unenforceable.

## C. ADDITIONAL CLAIMS

28.     **Common Law Wrongful Foreclose:** Due to the lack of apparent authority to foreclose, Defendant's foreclosure is wrongful. A mortgagee is liable for common-law wrongful foreclosure if it either (1) fails to comply with the Statutory or contractual terms, or (2) complies with such terms, yet takes affirmative action that determinately affects the fairness of the foreclosure process.[8]

29.     **Breach of Contract:** Defendant has breached the agreement with Plaintiff in that Defendant lacks the authority to proceed under the deed of trust but has proceeded without regard for this fact. The Deed of Trust is a contract, further, Plaintiff has substantially performed

---

8 *First State Bank v. Kellman,* 851 S.W.2d 914, 921-22 (Tex.App.—Austin 1993, writ denied)

under the contract, but Defendant has failed to do so in good faith. There is a valid contract between Defendant and Plaintiff. Plaintiff is the proper party to sue to defend the contract. The breach has caused Plaintiff great damage, at present in attorney's fees and possible loss of the Property.

30. **Negligent Misrepresentation:** Defendant did not follow the requirements of the Deed of Trust and the fact that Defendant lacks authority to proceed. Defendant has represented to Plaintiff that it does in fact have authority. By making this representation wrongfully, Defendant negligently misrepresented material facts to Plaintiff.

31. **Negligence**: the five elements of negligence at (i) duty, (ii) breach; (iii) cause in fact of the harm to Plaintiff; (iv) proximate cause; and (v) damages. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). The Defendant clearly had a duty as outlined in the Deed of Trust. This document creates a contractual duty for the Plaintiff and Defendant. It mandates that Defendant must provide notice to the Plaintiff, an accurate accounting of the loan proceeds, and provide accurate statements to Plaintiff. Further Defendant making representation that the payment went from $1,000.00 a month to over $4,000.00 is clear and unequivocal negligence. The Defendant breached this duty by failing to accurately provide accounting and monthly statements to Plaintiff. Defendant has and is causing harm to the Plaintiff.

32. **Statutory Fraud-Fraud In Real Estate Transaction**. Section 27.01 of the Texas Business and Commerce Code provides a statutory cause of action for fraud in a real estate transaction. See Tex. Bus. & Com. Code Ann. § 27.01 (West 2009). Such fraud occurs if: (1) a person makes a false representation of a past or existing material fact in a real estate transaction to another person for the purpose of inducing the making of a contract; and (2) the false representation is relied on by the person entering into the contract. *Id*. at § 27.01(a)(1).

*Original Petition- TRO*
*Page 9 of 13*

under the contract, but Defendant has failed to do so in good faith. There is a valid contract between Defendant and Plaintiff. Plaintiff is the proper party to sue to defend the contract. The breach has caused Plaintiff great damage, at present in attorney's fees and possible loss of the Property.

30. **Negligent Misrepresentation:** Defendant did not follow the requirements of the Deed of Trust and the fact that Defendant lacks authority to proceed. Defendant has represented to Plaintiff that it does in fact have authority. By making this representation wrongfully, Defendant negligently misrepresented material facts to Plaintiff.

31. **Negligence**: the five elements of negligence at (i) duty, (ii) breach; (iii) cause in fact of the harm to Plaintiff; (iv) proximate cause; and (v) damages. *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). The Defendant clearly had a duty as outlined in the Deed of Trust. This document creates a contractual duty for the Plaintiff and Defendant. It mandates that Defendant must provide notice to the Plaintiff, an accurate accounting of the loan proceeds, and provide accurate statements to Plaintiff. Further Defendant making representation that the payment went from $1,000.00 a month to over $4,000.00 is clear and unequivocal negligence. The Defendant breached this duty by failing to accurately provide accounting and monthly statements to Plaintiff. Defendant has and is causing harm to the Plaintiff.

32. **Statutory Fraud-Fraud In Real Estate Transaction**. Section 27.01 of the Texas Business and Commerce Code provides a statutory cause of action for fraud in a real estate transaction. See Tex. Bus. & Com. Code Ann. § 27.01 (West 2009). Such fraud occurs if: (1) a person makes a false representation of a past or existing material fact in a real estate transaction to another person for the purpose of inducing the making of a contract; and (2) the false representation is relied on by the person entering into the contract. *Id*. at § 27.01(a)(1).

*Original Petition- TRO*
*Page 9 of 13*

TEX. BUS. & COMM. CODE Sec. 27.01 with actual awareness of the falsity of the Defendants' representations, which entitles Plaintiffs to exemplary damages under section 27.01(c). Defendant violated Tex. Bus. & Com. Code Ann. § 27.01(a)(2) as they made numerous material false representations regarding their ability to collect on the Note and foreclosure per the terms of the Deed of Trust, and the fact that the monthly statements and payments were extremely inaccurate and inflated.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE Plaintiff asks for the following for each Cause of Action sustained:

1. For injunctive relief prohibiting Defendant or their agents from going forward with the sale of the Property.
2. Compensatory Damages in an amount to be determined by proof at trial.
3. For Special Damages in an amount to be determined by proof at trial.
4. For General Damages in an amount to be determined by proof at trial.
5. For Treble Damages in an amount to be determined by proof at trial.
6. For Punitive Damages as against the Defendant.
7. For Declaratory Relief, including a declaration that I am the prevailing party.
8. For any prejudgment or other interest according to law.
9. Any other and further relief that the Court considers just and proper.

Plaintiff further requests all other relief to which Plaintiff is entitled.

Respectfully submitted,

By: *Karen Elizabeth Morton*

# EXHIBIT 5

## VERIFICATION AND AFFIDAVIT OF FACTS

STATE OF TEXAS §
§
COUNTY OF Hood §

Pursuant to Texas Rules of Civil Procedure §§ 680, 682, Plaintiff Karen Elizabeth Morton verifies and confirms each of the facts and statements contained in this *Original Petition and Application for Temporary Restraining Order* as true and correct, and says that each is a true representation of the facts as they exist as of the date of the execution of this Affidavit. The Affiant says the following:

"My name is Karen Elizabeth Morton. I am the Plaintiff in the attached *Original Petition and Application for Temporary Restraining Order*. I am above the age of twenty-one and fully capable of making this affidavit. I have read the *Original Petition and Application for Temporary Restraining Order* and affirm that each of the facts above are true and correct to the best of my knowledge.

Further, I affirm that if this injunction does not issue, I will sustain irreparable injury and because of no adequate remedy at law, imminent harm awaits me if this injunction does not issue. The facts as set forth in the *Original Petition and Application for Temporary Restraining Order* are true and correct."

_Karen Elizabeth Morton_
Karen Elizabeth Morton, Plaintiff

SUBSCRIBED AND SWORN TO BEFORE ME by Karen Elizabeth Morton, on this the 1 day of November, 2024.

ELIZABETH ASHLEY HANEY
Notary ID #129195351
My Commission Expires
March 17, 2025

_Elizabeth Ashley Haney_
Notary Public in and for the
State of Texas

*Verification and Affidavit of Facts Karen Elizabeth Morton*
*Page 1 of 13*

Karen Elizabeth Morton  
Address 4005 Frisco Ct.  
Telephone 682-279-0466  
Email Address: karen..mortonnurse@gmail.com