UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KAREN ELIZABETH MORTON, § | |
| § | |
| plaintiff, § | |
| § | |
| v. § | Case 4:24-cv-1107 |
| § | |
| LAKEVIEW LOAN SERVICING, LLC, § | |
| § | |
| defendant. § | |

## LAKEVIEW'S MOTION TO DISMISS

Lakeview Loan Servicing, LLC (**Lakeview**) moves to dismiss Ms. Morton's petition pursuant to Federal Rule of Civil Procedure 12(c) as follows:

### I.  SUMMARY

1.  This is Ms. Morton's second lawsuit in less than a year to prevent Lakeview from foreclosing its deed of trust.[1] It is nothing more than an attempt to escape her repayment obligations and frustrate Lakeview from exercising its lawful right to foreclose. Ms. Morton's lawsuit relies on the meritless premise that Lakeview lacks authority to foreclose—even though the property records contradict this theory. As the last assignee of the deed of trust, Lakeview is a mortgagee entitled to enforce its power of sale. Her claims for wrongful foreclosure and breach of contract fail, primarily, because no foreclosure sale occurred and she has no damages. Her negligence and negligent misrepresentation claims likewise fail because she alleges no facts to support them, Lakeview owes no duty to her independent of the loan agreement, and the economic loss rule bars those claims. And, her claim for statutory fraud does not apply to loan transactions.

---

[1] The adversary proceeding, styled Karen *Elizabeth Morton v. Lakeview Loan Servicing, et al.* and assigned case 24-03035-sgj in the Bankruptcy Court for the Northern District of Texas, Dallas Division, was filed on May 22, 2024 and voluntarily dismissed on August 7, 2024.

---

## II. BACKGROUND

**A.    The property and the loan.**

2.    On February 3, 2021, Ms. Morton and John Morton executed a deed of trust granting a lien against the property located at 4005 Frisco Court, Granbury, Texas 76048 to secure repayment of a note in the original principal amount of $257,254. (orig. pet. at ¶¶ 6-7); (deed of trust, **ex. 1**.)[2] The deed of trust was assigned to Lakeview. (*Id.* at ¶ 8); (assignment, **ex. 2**.) A non-judicial foreclosure sale was scheduled for November 5, 2024. (*Id.* at ¶ 17.)

**B.    Ms. Morton's factual allegations.**

3.    On November 1, 2024, Ms. Morton sued Lakeview and obtained a temporary restraining order preventing the November 5, 2024 sale. (TRO, dkt. 1-3.) Ms. Morton claims she was terminated by her former employer due to her "ethical concerns" with COVID policies it put in place. (orig. pet. at ¶ 9, dkt. 1-2.) After losing her job, she alleges her monthly payments increased from "1,000.00 a month to more than $4,000.00 a month." (*Id.* at ¶ 10.)

4.    Ms. Morton allegedly contacted Lakeview to discuss the payment increase and was purportedly told "the economy is not good right now everyone is paying more." (*Id.*) She also believed the "principal and interest should never adjust." (*Id.*)

5.    After obtaining new employment, Ms. Morton alleges she was involved in a "near fatal vehicle accident" and was then dismissed from her job in 2023. (*Id.* at ¶ 11.) Sometime thereafter, she claims she was involved in another "close to fatal accident" which prevented her from working. (*Id.* at ¶ 12.) Ms. Morton allegedly contacted Lakeview for assistance, but was not

---

[2] Lakeview requests the court judicially notice the deed of trust assignment recorded in the Hood County real property records as documents 2021-0002265 and 2023-0001766, respectively. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Smallwood v. Bank of Am., N.A.*, No. 3:15-CV-601-M, 2015 U.S. LEXIS 153751, at *4 (N.D. Tex. Oct. 28, 2015), *adopted by* 2016 U.S. LEXIS 47133 (N.D. Tex. Apr. 7, 2016) ("A deed of trust and an assignment of the deed of trust are matters of public record subject to judicial notice if the documents have been recorded in the official public records of the county.")

satisfied with the answers she allegedly received. (*Id*.) In October 2023, Ms. Morton also claims "an assailant sprayed her with ricin poison at the Love Field airport in Dallas, Texas." (*Id*. at ¶ 13.)

6. Ms. Morton claims she retained "Joseph R. Esquivel, Jr." to perform a formal investigation of her loan. (*Id*. at ¶ 14.) She argues the investigation "uncovered a number of inconsistencies" and that Lakeview lacked authority to collect the note or enforce the deed of trust. (*Id*. at ¶¶ 14-15.) She also states that she publicly recorded these documents.[3] (*Id*. at ¶ 15.)

7. Basing on these allegations, Ms. Morton brings claims for (**1**) declaratory relief, (**2**) wrongful foreclosure, (**3**) breach of contract, (**4**) negligent misrepresentation, (**5**) negligence, and (**6**) statutory fraud. (*Id*. at ¶¶ 26-27, 28, 29, 30, 31, & 32, dkt. 1.) She seeks injunctive and declaratory relief, compensatory, special, general, treble, and punitive damages. (*Id*. at ¶¶ 21-25, 26-27, & prayer.)

### III.    LEGAL STANDARD

8. The standard for deciding a motion under rule 12(c) is the same as rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 313 n. 8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a rule 12(c) motion is identical to that used in a rule 12(b)(6) motion.") (citation and internal quotation marks omitted). Rule 12(b)(6) authorizes dismissal for failure "to state a claim upon which relief can be granted."

9. The court must accept all well-pleaded facts as true and view them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

---

[3] A state district court determined that no valid lien or claim was created by her recordings. *See In Re: A Purported Lien or Claim Against In and For Karen Elizabeth Morton*, assigned case C2024243 in the 355th Judicial District of Hood County, Texas.

A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Bell Atl. v. Twombly,* 550 U.S. 544, 555-56 (2007). The facts actually pleaded must, on their face, give rise to a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79. A complaint must offer more than an "unadorned, the-defendant unlawfully-harmed-me accusation." *Id*.

10. A court may consider not only the allegations in the complaint, but any documents incorporated in the pleading and all matters of which judicial notice may be taken. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). All documents attached or referred to in the plaintiff's complaint and central to the action are considered "incorporated in the pleading." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-90 (5th Cir. 2000) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim.") In addition, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

### IV.    ARGUMENTS & AUTHORITIES

**A.    Ms. Morton's wrongful foreclosure claim is unsupported by the allegations.**

11. To plead a claim for wrongful foreclosure, Ms. Morton must allege (**1**) a procedural defect in the foreclosure proceedings, (**2**) a grossly inadequate selling price, and (**3**) a causal link between the procedural defect and the selling price. *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F. App'x 367, 368 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). The defect Ms. Morton alleges is Lakeview's alleged "lack of apparent authority to foreclose." (orig. pet. at ¶ 28, dkt. 1-2.)

12. Nowhere in Ms. Morton's petition does she allege any facts suggesting the alleged defect caused the property to be sold for a grossly inadequate sales price—which is fatal to her claim. *Water Dynamics, Ltd.*, 509 F. App'x at 368 (affirming dismissal for failure to allege the sales price was grossly inadequate). And even if a procedural defect existed, it is undisputed no foreclosure sale occurred. (TRO, dkt. 1-3.) "A claim of wrongful foreclosure cannot succeed . . . when no foreclosure has occurred." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 790 (5th Cir. 2018); *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) ("a party cannot state a viable claim for wrongful foreclosure if the party never lost possession of the Property.")).

**C.   Ms. Morton does not sufficiently allege a breach of contract claim.**

13. To state a breach of contract claim, Ms. Morton must allege facts showing (**1**) a valid contract exists, (**2**) Ms. Morton performed or tendered performance, (**3**) Lakeview breached the contract, and (**4**) Ms. Morton sustained damages resulting from Lakeview's breach. *Smith Internat'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Ms. Morton contends (**a**) Lakeview "lacks the authority to proceed under the deed of trust", (**b**) that Lakeview has failed to perform in good faith under the deed of trust, and (**c**) she suffered "great damage, at present in attorney's fees and possible loss of the property." (orig. pet. at ¶ 29.) To properly plead a breach-of-contract claim, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Escobar v. Select Portfolio Servicing, Inc.*, No. SA-23-CV-00579-XR, 2023 U.S. Dist. LEXIS 171712, at *5 (W.D. Tex. Sep. 26, 2023).

**(i)   Ms. Morton does not identify any provision breached.**

14. Ms. Morton's breach of contract claim primarily fails because she does not identify a specific contractual provision that was allegedly breached. *See Williams v. Wells Fargo Bank,*

LAKEVIEW'S MOTION TO DISMISS                                                                                          Page 5 of 14
Case 4:24-cv-1107; *Karen Elizabeth Morton v. Lakeview Loan Servicing, LLC*

*N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of contract of a note and deed of trust must identify the specific provision in the contract that was breached."); *see also Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach-of-contract claim when the plaintiffs "generally claimed that [the defendant] breached the terms of the mortgage agreement and deed of trust but did not specify which provisions or obligations" the defendant breached).

    **(ii)**     **Lakeview has authority to foreclose.**

15. Even if the court were to address the substance of the claim, it still fails. Ms. Morton alleges Lakeview "lacks the authority to proceed under the deed of trust." (orig. pet. at ¶ 29, dkt. 1-2). As a matter of law, she is incorrect because the property records and Ms. Morton's own pleadings confirm that the loan was "assigned to [] Lakeview and [] Lakeview has had the loan . . . to present." (*Id.* at ¶ 8); (assignment, **ex. 2**.)

16. Texas Property Code chapter 51 governs the right to enforce a deed of trust through non-judicial foreclosure. *Morlock LLC v. Nationstar Mortg. LLC*, 447 S.W.3d 42, 47 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). It authorizes a "mortgagee" to enforce a deed of trust through a non-judicial foreclosure sale, either directly or through a mortgage servicer. Tex. Prop. Code § 51.0025. A mortgagee is, among other things, the last person to whom the deed of trust has been assigned of record. *Id.* at § 51.0001(4)(C). Lakeview is the mortgagee because it was the last person to whom the deed of trust was assigned of record. (assignment, **ex. 2**.)

17. To the extent Ms. Morton claims the investigative reporting of Joseph R. Esquivel establishes Lakeview's lack of standing—that conclusion blatantly contradicts her own allegations. It also does not help when federal courts throughout the country have roundly rejected Mr. Esquivel's theories. *See*, *e.g.*, *Lakeview Loan Servicing LLC v. Mobley*, 2022 U.S. Dist. LEXIS

33538, 2022 WL 552740 (N.D. Ga. Jan. 13, 2022) (stating that the Esquivel Affidavit is "wholly irrelevant" and "does not do anything but confirm (1) the existence of the assignment and transfers of the security deed . . . and (2) that no ownership interest was transferred to the Ginnie Mae REMIC Trust 2012-096"); *Branch Bank & Tr. Co. v. Tech. Sols., Inc.*, No. 3:13-cv-01318-JFA, 2014 U.S. Dist. LEXIS 64698, at *12 (D.S.C. 2014) (finding "Mr. Esquivel's affidavit and his purported expert opinion baseless."); *Fannie Mae v. Harris*, No. 1:11-cv-03207-JOF, 2012 U.S. Dist. LEXIS 202802, at *10 n.3 (N.D. Ga. 2012) ("Mr. Esquivel's affidavit is replete with erroneous statements of law and is wholly unhelpful to a resolution of the case let alone to be admitted as any expert opinion.")).

      **(iii)    Ms. Morton has no damages.**

      18.    Even assuming Ms. Morton could satisfy the pleading requirements for a breach of contract claim, it would otherwise fail because no foreclosure sale occurred. (*See* TRO, dkt. 1-3.); *Spraggins v. Caliber Home Loans Inc*, No. 3:20-cv-01906-S-BT, 2020 U.S. Dist. LEXIS 249011, at *27 (N.D. Tex. 2020) ("In Texas, there are no damages recoverable under a breach of contract claim in the context of foreclosure if there is no foreclosure sale and the property owner maintains title and continuous possession of the property."); *Brinkley v. Pennymac Loan Servs., LLC*, No. 3:18-cv-383-G-BN, 2018 U.S. Dist. LEXIS 195992, at *29 (N.D. Tex. 2018) ("where no foreclosure took place, [filings fees, attorneys' fees, and potential loss of possession of the property] are at most a threat of damages as opposed to actual damages that would satisfy the damages element of a breach of claim contract.")). Because no foreclosure sale has occurred, Ms. Morton has failed to sufficiently plead damages to support her breach of contract claim.

**D.      Negligent misrepresentation claim fails as a matter of law.**

19.     Ms. Morton claims Lakeview made false representations concerning its authority to foreclose. (orig. pet. at ¶ 30.) The elements of a negligent misrepresentation claim are (**1**) Lakeview made a representation in the course of the its business, or in a transaction in which it had a pecuniary interest, (**2**) Lakeview supplied "false information" for the guidance of others, (**3**) Lakeview did not exercise reasonable care or competence in obtaining or communicating the information, and (**4**) Ms. Morton suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Ms. Morton's negligent misrepresentation claim is devoid of any supporting factual allegations and barred by the economic loss rule.

**(i)      No false statement to support negligent misrepresentation.**

20.     Ms. Morton's only allegations supporting this claim are that Lakeview "did not follow the requirements of the deed of trust, and represented "it does in fact have authority" to foreclose. (orig. pet. at ¶ 30.) To the extent Ms. Morton implies Lakeview was not the last assignee of record, her own allegations and the publicly recorded assignment contradict her claim. (*Id*. at ¶ 8); (assignment, **ex. 2**.) There are also no allegations identifying existing facts Lakeview misstated to her, how Lakeview failed to exercise reasonable care in communicating the information to her, how she justifiably relied on the misrepresentation, or what pecuniary loss she suffered as a result of her reliance on the misrepresentation. *Hayes v. Bank of Am., N.A.*, No. 3:19-cv-02929-G-BT, 2020 U.S. Dist. LEXIS 101383, at *6 (N.D. Tex. 2020) (finding no claim for negligent misrepresentation pleaded when plaintiff failed to specify "how Defendant failed to exercise reasonable care in communicating the alleged misrepresentation to him, how he justifiably relied

on the misrepresentation to his detriment, or what pecuniary loss he suffered as a result of his reliance on Defendant's misrepresentation.").

### (ii) The economic loss rule bars this claim.

21. The economic loss rule also bars Ms. Morton's negligent misrepresentation claim. *Mills v. Select Portfolio Servicing, Inc.*, No. A-19-CV-00359-LY-SH, 2019 U.S. Dist. LEXIS 149327, at *4 (W.D. Tex. 2019) ("Plaintiff's negligent misrepresentation claim is barred by the economic loss rule. The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."). A plaintiff must plead and prove something more than mere economic harm to be entitled to damages under a tort theory. *Iacobucci v. Wells Fargo Bank, N.A.*, No. 3:13-CV-1425, 2013 WL 6061343, at *10 (N.D. Tex. Nov. 15, 2013) ("[p]laintiffs' [fraud] allegations arise from a contractual dispute; indeed all claims flow from their mortgage and Defendants' attempt to foreclose thereon. Accordingly, . . . a tort cause of action is likely otherwise unavailable."), aff'd sub nom. *Iacobucci v. Wells Fargo, N.A.*, 567 Fed. App'x 257 (5th Cir. 2014).

22. Ms. Morton's claim flows solely from the obligations created by the note and deed of trust and would not exist but for the contractual relationship between the parties. She does not plead any injury independent of the subject matter of the deed of trust. Nor has she alleged any damages separate from the economic loss under the note and deed of trust. *W. Plains, LLC v. Pneumat Sys., Inc.*, No. 4:20-CV-0572, 2020 U.S. Dist. LEXIS 258659, at *10 (S.D. Tex. 2020) ("To recover for an injury suffered from the negligent misrepresentation, the injury must be 'distinct, separate, and independent from the economic losses recoverable under a breach of contact claim.'").

### E. Ms. Morton's negligence claim fails as a matter of law.

23. Ms. Morton's negligence claim fails because (**i**) she alleges no facts to support it, (**ii**) Lakeview owes no duties to her independent of the loan agreement, (**iii**) the economic loss rule bars it, and (**iv**) she is not entitled to an accounting.

### (i) Ms. Morton alleges no facts to support her negligence claim.

24. To plead a claim for negligence, Ms. Morton must allege facts showing (**1**) Lakeview owed her a legal duty, (**2**) it breached the duty, and (**3**) the breach proximately caused her injury. *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Ms. Morton alleges Lakeview owed her duties to "provide notice to [her], an accurate accounting of the loan proceeds, and provide accurate statements." (orig. pet. at ¶ 31.) She then conclusorily claims Lakeview's alleged representation "the payment went from $1,000.00 a month to over $4,000.00 is clear and unequivocal negligence." (*Id*.) But there are no facts anywhere in the petition showing how Lakeview failed to comply with any of the alleged duties Ms. Morton identifies.

25. To avoid dismissal, Ms. Morton is required to plead sufficient facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. This "demand[s] more than an unadorned accusation devoid of factual support." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ms. Morton's negligence allegations fall well short of the *Twombly* and *Iqbal* pleading standards and require dismissal.

### (ii)    Lakeview does not owe Ms. Morton any duty.

26.    Even if Ms. Morton supported her negligence claim with sufficient factual allegations, it would nevertheless fail because Lakeview does not owe her any duty she described. "The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). "Texas does not impose a legal duty on a mortgagee or mortgage servicer to a mortgagor that would give rise to a negligence claim." *Del Rio Trejo v. Bank of Am., N.A.*, No. 3:19-cv-01406-L, 2020 U.S. Dist. LEXIS 36730, at *4 (N.D. Tex. 2020) (citing *Scott v. Bank of Am., N.A.*, 597 Fed. App'x 223, 225 (5th Cir. 2014)); *see also UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.— Corpus Christi 2005, pet. denied) ("Texas courts have found no special relationship between a mortgagor and mortgagee.")

27.    Because no legal duty exists between a borrower and a lender or mortgage servicer, Ms. Morton cannot maintain a general negligence claim. *Vinson v. AmeriHome Mortg. Co., LLC*, No. 4:22-cv-0928-P, 2023 U.S. Dist. LEXIS 63074, at *4 (N.D. Tex. 2023) ("Texas does not impose a legal duty on a mortgagee to a mortgagor that would give rise to a negligence claim.").

### (iii)    Economic loss rule also bars Ms. Morton's negligence claim.

28.    The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). For the reasons discussed in section D(ii) above, Ms. Morton's negligence claim is similarly barred under the economic loss rule.

### (iv) Ms. Morton is not entitled to an accounting.

29. Ms. Morton appears to request an accounting through her negligence claim but does not allege any facts suggesting she is entitled to one. "To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (citing *Hunt Oil Co. v. Moore*, 656 S.W.2d 634, 642 (Tex. App.–Tyler 1983, writ ref'd n.r.e.)). If the right to an accounting exists, it is only proper to order it when "the facts and accounts presented are so complex adequate relief may not be obtained at law." *Id*.

30. Here, there is no contractual or fiduciary right to an accounting. The deed of trust does not provide for one (*see generally*, deed of trust, **ex. 1**), and no fiduciary relationship exists between Ms. Morton and Lakeview legally. *See e.g.*, *Bell v. Wells Fargo Bank, N.A.*, No. 4:14-CV-388-Y, 2017 U.S. Dist. LEXIS 222347, at *19 (N.D. Tex. Oct. 13, 2017) ("Texas courts have specifically held that there is no fiduciary relationship between a borrower and a lender."). Nor does Ms. Morton contend the facts applicable to this mortgage are so complex she cannot "obtain adequate relief at law through the use of standard discovery procedures . . ." *T.F.W. Mgmt., Inc.*, 79 S.W.3d at 717-18 (citing *Hutchings v. Chevron U.S.A.*, 862 S.W.2d 752, 762 (Tex. App.--El Paso 1993, writ denied).

### F. Ms. Morton's statutory fraud claim fails as a matter of law.

31. Ms. Morton's statutory fraud claim fails as a matter of law because Texas Business & Commerce Code § 27.01 only applies to claims in which she was induced to enter into a contract with Lakeview for the purchase of real estate or stock. *See* Tex. Bus. & Com. Code § 27.01. But "[a] loan transaction, even if secured by land, is not considered to come under the statute." *Dorsey*

*v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008); *Turner v. CitiFinancial Servicing, LLC*, No. 1:16-CV-156, 2017 U.S. Dist. LEXIS 89808, at *19 (E.D. Tex. 2017) ("Section 27.01 only applies to transactions involving the sale or transfer of real estate from one party to another, and not the act of loaning money, such as the agreement between a mortgagor and mortgagee.")

32. Ms. Morton contends Lakeview violated this statute by making "numerous material false representations regarding their ability to collect on the note and foreclosure per the terms of the deed of trust, and the fact that the monthly statements and payments were extremely inaccurate and inflated." (orig. pet. at ¶ 32, dkt. 1-2.) "Because [Ms. Morton] do[es] not allege any facts regarding a contract for the sale of land between the parties, § 27.01 does not apply, and [her] statutory fraud claims fail as a matter of law." *James v. Wells Fargo Bank, N.A.*, No. H-14-0449, 2014 U.S. Dist. LEXIS 70090, at *11 (S.D. Tex. 2014).

### G.     Ms. Morton is not entitled to declaratory or injunctive relief.

33. Ms. Morton seeks a declaration that "the deed of trust or lien against the property is invalid and unenforceable" and an injunction preventing Lakeview from foreclosing (orig. pet. at ¶¶ 19-25, 26-27, & prayer, dkt. 1-2.)  "Injunctive and declaratory relief are forms of relief that depend on the success of underlying claims." *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170–71 (5th Cir. 1990) (declaratory relief); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D., 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010 (injunctive relief)).  Because Ms. Morton's underlying claims are subject to dismissal, she cannot succeed on her claims for declaratory or injunctive relief. *Bourgeois v. Select Portfolio Servicing, Inc.*, No. 3:22-cv-146, 2023 U.S. Dist. LEXIS 97303, *13 (S.D. Tex. May 1, 2023) ("Claims for declaratory and injunctive relief require a valid underlying substantive cause of action."); *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014) ("Because . . . none of plaintiffs'

claims can withstand dismissal . . . plaintiffs' requests for declaratory and injunctive relief... cannot survive. Declaratory judgment and injunctive relief are forms of relief based on underlying claims.").

## V.   CONCLUSION & PRAYER

Lakeview respectfully requests the court grant this motion because Ms. Morton's claims fail as a matter of law. The claims should be dismissed with prejudice as allowing her to restate them would be an act of futility. *See*, *e.g.*, *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Date: January 9, 2025

Respectfully submitted,

  */s/ Charles Townsend*
C. Charles Townsend,
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
--*Attorney in Charge*
Alfredo Ramos,
SBN: 24110251, FBN:  3687680
framos@hinshawlaw.com
HINSHAW & CULBERTSON, LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: 945-229-6390
Facsimile:  312-704-3001

**ATTORNEYS FOR LAKEVIEW**

**CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on January 9, 2025 as follows:

Karen Elizabeth Morton
4005 Frisco Court
Granbury, TX 76048
**VIA CERTIFIED MAIL
NO. 7021 1970 0001 8450 8438
VIA FIRST CLASS MAIL AND
VIA EMAIL karen.mortonnurse@gmail.com**

  */s/ Charles Townsend*
C. Charles Townsend