IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KAREN ELIZABETH MORTON, § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 4:24-cv-1107-P |
| § § | |
| LAKEVIEW LOAN SERVICING, LLC, § § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant Lakeview Loan Servicing, LLC's Motion to Dismiss [doc. 27], filed May 13, 2025. Having carefully considered the motion, responses, and applicable law, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

## I.     RELEVANT FACTUAL BACKGROUND

On February 3, 2021, *pro se* Plaintiff Karen Elizabeth Morton ("Plaintiff") and her ex-husband granted to the Service Mortgage Company a lien against the property located at 4005 Frisco Court, Granbury, Texas 76048, to secure repayment of a note in the original principal amount of $257,254. (*See* Plaintiff's Verified First Amended Complaint ("Pl.'s Am. Compl.") at 2.) A week later the loan was assigned to Defendant Lakeview Loan Servicing, LLC ("Defendant" or "Lakeview"). (*Id.*) Defendant has retained the loan since that assignment. (*Id.*) Plaintiff paid her mortgage to Defendant in compliance with the loan agreement for years. (*Id.* at 22.)

Subsequently, Plaintiff claims that her monthly payment inexplicably quadrupled, she was let go from her job as a nurse twice, and she was in a series of near fatal accidents. (*Id.* at 3-4.) As a result, Plaintiff contacted Defendant for assistance but was not satisfied with Defendant's

1

responses. (*Id.* at 3.) Thus, Plaintiff hired a mortgage investigator who, she alleges, "uncovered a number of inconsistencies and errors made by Defendant Lakeview in the servicing of the loan." (*Id.* at 4.) The investigator informed Plaintiff and Plaintiff now believes that by "stamping the Note in blank and placing the Note in a REMIC [Defendant] has rendered the Note a legal nullity and the Deed of trust unenforceable." (*Id.* at 11.)[1] On an unknown date, Plaintiff defaulted on her payment obligations either because she believed that the note was no longer enforceable or because of the situations set forth above. (*Id.* at 5.) As a result, Plaintiff received a Notice of Foreclosure from Defendant. (*Id.*)

Thereafter, on November 1, 2024, Plaintiff sued Defendant in the 355th District Court of Hood County, Texas, and obtained a temporary restraining order preventing a November 5, 2024, foreclosure sale. (Notice of Removal, Temporary Restraining Order and Order Setting Hearing for Temporary Injunction ("Notice of Removal") at 1-2.) On November 12, 2024, Defendant removed the case to this Court. (Notice of Removal at 1.) On January 9, 2025, Defendant moved to dismiss the case under Federal Rule of Civil Procedure ("Rule") 12(c). (*See* Lakeview's First Motion to Dismiss at 3.) In response to Lakeview's Motion to Dismiss, Plaintiff filed a motion requesting leave to amend her live pleading. (*See* Plaintiff's Motion for Leave to Amend Petition at 1.) The Court granted Plaintiff leave to amend and gave her "a final opportunity to amend her complaint to plead her 'best case' prior to considering Defendant['s]" motion to dismiss. (Order Granting Plaintiff's Motion for Leave to Amend Petition ("Order Granting Leave to Am.") at 1.)

---

[1] This *exact same* theory, proposed by this *exact same* mortgage investigator, Joseph R. Esquivel, Jr., has been resoundingly rejected by federal courts throughout the country, and, consequently, the Court rejects such theory as a basis for any of Plaintiff's claim. *See, e.g.*, *Lakeview Loan Servicing, LLC v. Mobley*, No. 1:16-CV-4572-MHC, 2022 WL 552740, at *3 (N.D. Ga. Jan. 13, 2022); *Branch Banking & Tr. Co. v. Lanier*, 585 F. App'x 123, 123 (4th Cir. 2014) (affirming rejection of Esquivel's claims); *Bisi v. Chase Auto J.P. Morgan Chase Bank, N.A.*, No. 2:23-CV-02508-KJM-CSK (PS), 2024 WL 3470916, at *2 (E.D. Cal. July 19, 2024).

2

As a result, Plaintiff filed her Verified First Amended Complaint ("Amended Complaint") [doc. 9] on May 16, 2025.

In Plaintiff's Amended Complaint, she alleges the following twelve claims against Defendant: (1) injunctive relief and application for temporary restraining order ("TRO"), (2) declaratory relief, (3) common law wrongful foreclosure, (4) breach of contract, (5) violations of the Federal Real Estate Settlement Procedures Act ("RESPA"), (6) violations of the Truth in Lending Act ("TILA"), (7) violations of the Texas Fair Debt Collection Practices Act ("TFDCPA"), (8) violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), (9) violations of the Fair Credit Reporting Act ("FCRA"), (10) negligent misrepresentation, (11) negligence, and (12) fraud in a real estate transaction in violation of Texas Business & Commerce Code § 27.01. (*See* Pl.'s Am. Compl. at 6-24.)  In its motion, Defendant argues that the Court should dismiss all of Plaintiff's claims for failure to state a claim under Rule 12(b)(6). (*See generally* Lakeview's Motion to Dismiss Plaintiff's Amended Complaint ("Def.'s Mot. to Dismiss").) The Court will address each count in turn.

## II.    LEGAL STANDARD

Rule 12 (b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court.  Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions).  The Court must accept as true all well-pleaded, non-conclusory allegations in the

complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff

has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir.2003).

### III. DISCUSSION

**A.  Counts 1 and 2: Injunctive Relief and Application for TRO and Declaratory Relief**

To begin with, Plaintiff requests that the Court issue a temporary injunction enjoining any attempted foreclosure of her property. (Pl.'s Am. Compl. at 7-8.) In addition, Plaintiff seeks a declaration that Defendant "does not have and lacks authority to proceed with the foreclosure or any collection actions on the note or deed of trust." (Pl.'s Am. Compl. at 10.) Injunctive and declaratory relief are forms of relief that depend on the success of underlying claims. *See Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory relief); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief).

Thus, when a Court determines "that none of Plaintiffs claims can withstand dismissal . . . requests for declaratory and injunctive relief . . . cannot survive." *Johnson v. Wells Fargo Bank, NA,* 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014). As discussed below, the Court is recommending dismissal of all of Plaintiff's other claims. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss as to Plaintiff's requests for declaratory judgment and injunctive relief be **GRANTED and such claims be DISMISSED WITH PREJUDICE**.

**B.  Count 3: Common Law Wrongful Foreclosure**

In its motion, Defendant argues that Plaintiff has failed to state a claim for wrongful foreclosure because (1) "[n]owhere in Ms. Morton's petition does she allege any facts suggesting . . . [her] property [was] sold for a grossly inadequate sales price" and (2) no foreclosure sale has occurred. (Def.'s Mot. to Dismiss at 6-7.) The Court agrees.

5

"In Texas, the elements of a wrongful foreclosure claim are '(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.'" *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) (quoting *Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex.App.2008, no pet.)). Because an inadequate selling price is a necessary element of a wrongful foreclosure claim, "a foreclosure sale is a precondition to recovery." *Id.* at 730. Plaintiff has failed to allege in her Amended Complaint or in her responses that a foreclosure sale has occurred. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff claim for wrongful foreclosure and that such claim be **DISMISSED WITHOUT PREJUDICE**.

    C.    <u>**Count 4: Breach of Contract**</u>

Next, Defendant argues that Plaintiff has failed to state a claim for breach of contract because "she does not identify a specific contractual provision that was allegedly breached or tie the failure to respond to her purported 'qualified written requests' to the deed of trust or note." (Def.'s Mot. Dismiss at 7.)[2] Once again, the Court agrees.

In Texas, the elements of a breach of contract claim "are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). For a breach of contract claim involving a note or "deed of trust [a plaintiff] must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x

---

[2] Quotation marks omitted.

6

233, 238 (5th Cir. 2014). Further, when a plaintiff "fail[s] to allege they were current on their payments under the deed of trust, dismissal of their breach of contract claim is proper." *Id.* In this case, Plaintiff has failed to specify in her Amended Complaint or in her responses which specific provision of the note or the deed of trust has been breached or that she was current on her payments. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims for breach of contract and that such claim be **DISMISSED WITH PREJUDICE**.

### D. Count 5: RESPA Violations

#### 1. 12 C.F.R. §§ 1024.35 and 1024.36

Defendant further argues in its Motion to Dismiss that Plaintiff has failed to state a claim for violations of 12 C.F.R. § 1024.35 and § 1024.36, which are the RESPA implementing regulations, because she does not allege in her Amended Complaint that she sent her communications to Defendant's exclusive qualified written request ("QWR") office and address. (*See* Def.'s Mot. Dismiss at 10-11.) The Court again agrees.

Sections 1024.35 and 1024.36 govern the procedures a loan servicer must follow when it receives a QWR requesting information about a loan it is servicing or when it receives a QWR informing it of an error relating to the servicing of one of its loans. *See* 12 C.F.R. §§ 1024.35-36. "Where a servicer complies with the notice requirements for designating an exclusive QWR office and address, a letter sent to a different office and address is not considered a QWR under RESPA." *Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648, 658 (E.D. Tex. 2016) (collecting cases). When a "servicer has established a separate and exclusive office and address for the receipt and handling of QWRs, that servicer's duty to respond is triggered only if the borrower sends his or her written request to the designated office and address." *Id.* In this case,

Plaintiff has failed to allege in her Amended Complaint or in her responses whether any of the communications to Defendant were sent to Defendant's designated QWR office or that Defendants have not designated a QWR address. Thus, Plaintiff has not alleged that a duty arose under § 1024.35 and § 1024.36.

### 2.     12 C.F.R. § 1024.41

Defendant also argues that Plaintiff has failed to state a claim for a violation of RESPA implementing regulation 12 C.F.R. § 1024.41 because she has only summarily alleged that Defendant has not offered her "loss mitigation." (*See* Def.'s Mot. Dismiss at 13.) The Court agrees.

To successfully plead a claim under § 1024.41 Plaintiff must, among other requirements, allege facts establishing that "the loan modification application [she] submitted . . . was [her] first complete loss mitigation application . . . [or] that [she] became current on [her] payments after [Defendant] considered any previous complete loss mitigation application." *Ruiz v. PennyMac Loan Servs., LLC*, No. 3:18-CV-1544-D, 2018 WL 4772410, at *2 (N.D. Tex. Oct. 3, 2018) (citing *Solis v. U.S. Bank, N.A.*, 726 Fed. Appx. 221, 223 (5th Cir. 2018)). The entirety of Plaintiff's allegations specifically referencing § 1024.41 are that "Defendant has not made one attempt at loss mitigation with Plaintiff [] in violation of 12 C.F.R. §1024.41." (Pl.'s Am. Compl. at 19.) Thus, Plaintiff has clearly failed to allege either that she submitted a first complete loss mitigation application or that she became current on her payments after a previous complete loss mitigation application. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims for violations of RESPA and that such claims be **DISMISSED WITH PREJUDICE**.[3]

---

[3] The Court notes that Plaintiff also claims that Defendant violated 12 C.F.R. §§ 1024.31 and 1024.38. (Pl.'s Am. Compl. at 18-19.) However, Plaintiff's allegations as to section 1024.31 fail because it is a list of definitions

8

### E. Count 6: TILA

#### 1. 12 C.F.R. § 1026.36

Defendant further argues in its Motion to Dismiss that Plaintiff's claims under TILA implementing regulation 12 C.F.R. § 1026.36 must be dismissed because Plaintiff has failed to state a claim as § 1026.36 does not require Defendant to provide periodic mortgage statements as Plaintiff asserts. (Def.'s Mot. to Dismiss at 16-17.) Again, the Court agrees.

Section 1026.39 of the TILA requires that anyone who "becomes the owner of an existing mortgage loan" to "mail or deliver" a disclosure of this transfer within thirty days of this transfer. *See* 12 C.F.R. § 1026.39. A violation of this section "must be brought within one year from the date of the occurrence of the violation." *Bell v. Wells Fargo Bank, N.A.*, No. 4:14-CV-388-Y, 2017 WL 6761770, at *3 (N.D. Tex. Oct. 13, 2017). The violation occurs thirty days after "a transfer or assignment" of the loan in the case of nondisclosure. *Id.* In other words, "the [one-year] statute of limitations begins to run . . . thirty days" after the assignment or transfer of a loan. *Id.*

In this case, Plaintiff's loan was assigned to Defendant on February 14, 2023. (*See* Pl.'s Am. Compl., Ex. 9 at 1.) Thus, if Plaintiff never received notice of the transfer or assignment of her loan, any claim under § 1026.39 must have been asserted no later than March 16, 2024, which is thirty days after the transfer of her loan. *See Bell*, 2017 WL 6761770, at *3. As Plaintiff did not file suit until November 1, 2024, her claim under section 1026.39 is time barred. (Original Petition and Application from Temporary Restraining Order at 1.)

---

applicable to the subpart of the provision and, thus, does not impose liability. *See* 12 CFR § 1024.31. Further, Plaintiff's claims for violations of 12 CFR § 1024.38 in both counts five and six fail because, this regulation "does not provide a private right of action." *Wilson v. Deutsche Bank Tr. Co.*, Series 2006-QS5, No. 3:18-CV-0854-D, 2019 WL 5840325, at *13 (N.D. Tex. Nov. 7, 2019). Thus, Plaintiff has failed to state a claim under either section against Defendant.

9

### 2. 12 C.F.R. § 1026.39

Defendant also argues in its Motion to Dismiss that Plaintiff's claims under TILA implementing regulation 12 C.F.R. § 1026.39 must be dismissed because Plaintiff's claims are time barred. (Def.'s Mot. to Dismiss at 16-17.)

Section 1026.36 of the TILA "deals with servicing practices related to payments and the application of payments," not to periodic mortgage payments. *Garza v. DHI Mortg. Co.*, No. 419CV00780SDJCAN, 2020 WL 7700620, at *9 (E.D. Tex. Nov. 12, 2020), *report and recommendation adopted*, No. 4:19-CV-780, 2020 WL 7698832 (E.D. Tex. Dec. 28, 2020). Plaintiff, alleges that Defendants violated 12 C.F.R. § 1026.36 by "fail[ing] to provide periodic mortgage statements." (Pl.'s Am. Compl. at 19.) However, as set forth above, § 1026.36 does not discuss or require periodic mortgage statements. *See Garza*, 2020 WL 7700620, at *9. Thus, Plaintiff's allegations are completely unmoored from the regulation she cites as the basis of her claims. Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims for violations of the TILA and that such claims be **DISMISSED WITH PREJUDICE**.

### F. Count 7: Texas Fair Debt Collection Practices Act

Next, Defendant argues that any claim by Plaintiff for violations of the TFDCPA must be dismissed because Plaintiff's allegations under the TFDCPA amount to little more than "general assertions of wrongful charges." (Def.'s Mot. Dismiss at 18.) The Court agrees.

In her Amended Complaint, Plaintiff alleges that Defendant violated two sections of the TFDCPA. (Pl.'s Am. Compl. at 20.) First, Plaintiff, in conclusory fashion, alleges that Defendant violated "§ 392.303(2) by attempting to collect a debt it is not entitled to, and charging interest and late fees on same in violation of the act." (*Id.*) Plaintiff's second allegation relating to the

TFDCPA is that Defendant violated § 392.304 "by failing to disclose to whom the Note and therefore any debt is actually owed to or by whom is entitled to collect same is a fraudulent, deceptive and misleading act." (*Id.*)

As set forth above, the Court has already rejected the legal basis of Plaintiff's claim under TFDCPA § 392.303(f) by finding that the way the loan was transferred to Defendant did not render it void. Thus, Plaintiff's claim under TFDCPA § 392.303(2) fails. *See, e.g.*, *Lakeview Loan Servicing, LLC*, 2022 WL 552740, at *3; *Branch Banking & Tr. Co.*, 585 F. App'x at 123 (affirming rejection of Esquivel's claims); *Bisi*, 2024 WL 3470916, at *2. However, even assuming the Court did not reject the legal basis of this claim, it still fails because a "general assertion of wrongful charges are insufficient to state a claim under Section 392.303(a)(2)" and she has failed to specify any *specific* fees or penalties incidental to her loan. *See Williams, N.A.*, 560 F. App'x at 240.

As to Plaintiff's claim under § 392.304 of the TFDCPA, Plaintiff, in essence, alleges that Defendant committed a fraudulent, deceptive, and misleading act, and thus violating the TFDCPA, by not informing her of the true owner of her loan. (Pl.'s Am. Compl. at 20.) These allegations fail to state a claim because they are nothing more than "legal conclusion[s] couched as a factual allegation." *Bell Atl. Corp.*, 550 U.S. at 555. In other words, Plaintiff's claim under § 392.304 fails because she does not even attempt to connect or explain how a failure to disclose who owns the note or to who the debt is owed is a deceptive, misleading, or fraudulent act under the TFDCPA.

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claims for violations of the TFDCPA and that such claims be **DISMISSED WITH PREJUDICE**.

### G.  Count 8: Federal Fair Debt Collection Practices Act

Defendant further argues in its Motion to Dismiss that any claim by Plaintiff for violations of the FDCPA must be dismissed because the FDCPA only applies to debt collectors and Defendant is not a debt collector as defined in the FDCPA. (Def.'s Mot. Dismiss at 21.) The Court again agrees with Defendant.

The FDCPA only applies to debt collectors. *See Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, an entity is excluded from the definition of debt collector if it obtains "the debt [prior to] default." *Raburn v. Cmty. Mgmt., L.L.C.*, 761 F. App'x 263, 266 (5th Cir. 2019) (citing 15 U.S.C. § 1692a(6)(F)). As a logical result, "a debt collector does not include [a] consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

In this case, Plaintiff has failed to adequately allege that Defendant is a debt collector. In fact, Plaintiff alleges that "Defendant is a 'creditor' as defined in the act," not a debt collector. (Pl.'s Am. Compl. at 21.) The "FDCPA specifically excludes creditors who, while using their own names, attempt direct collection of debts owed to them." *Bacon v. Sw. Airlines Co.*, No. CIV.A.3:97-CV-2211-L, 1999 WL 134569, at *2. However, even if Plaintiff alleged that Defendant is a debt collector, her claim still fails because she has not alleged that Defendant obtained the debt prior to default. *See Perry*, 756 F.2d at 1208. In fact, Plaintiff cannot make such a claim because she has "for years paid Defendant" her mortgage payment." (Pl.'s Am. Compl. at 22.) Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be

**GRANTED** as to Plaintiff's claims for violations of FDCPA and that such claims be **DISMISSED WITH PREJUDICE**.

### H. Count 9: Fair Credit Reporting Act

Plaintiff further alleges that Defendant violated 15 USC § 1681e(b) of the FCRA[4] by "unfairly and inaccurately reporting negative actions on Plaintiff[']s credit score." (Pl.'s Am. Compl. at 21.) Defendant argues that Plaintiff's claim fails because § 1681e(b) only applies to credit reporting agencies. (Def.'s Mot. Dismiss at 21.) The Court agrees.

As argued by Defendant, section 1681e(b) only applies when "a consumer reporting agency prepares a consumer report." 15 U.S.C. § 1681e(b). The term consumer reporting agency means any person

> which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]

15 U.S.C. § 1681a(f). Plaintiff has not alleged that Defendant is a credit reporting agency nor has Plaintiff alleged that Defendant meets any of the above-mentioned requirements of a credit reporting agency. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED as to Plaintiff's claims for** violations of the FCRA and that such claims be **DISMISSED WITH PREJUDICE**.

### I. Count 10: Negligent Misrepresentation

Next, Defendant argues that Plaintiff's claim for negligent misrepresentation must be dismissed because it is barred by the economic loss rule. (Def.'s Mot. Dismiss at 24.) Specifically, Defendant argues that the economic loss rule applies because Plaintiff's claim flows solely from

---

[4] The Court notes that Plaintiff appears to also be asserting a claim under 15 USC § 1681a(d). However, § 1681a(d) only defines what a consumer report is and does not provide a private right of action.

obligations created by the note and deed of trust and she does not plead an injury independent of the same. (*See* Def.'s Mot. Dismiss at 24.) Once again, the Court agrees.

Under Texas law, the economic loss "rule generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). "Texas courts consistently have prohibited tort claims if the parties' relationship and attendant duties arise from a contract." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625 (N.D. Tex. 2011) (collecting cases). If, absent the contractual relationship with the defendant, a plaintiff's "non-contractual claim of negligent misrepresentation would not exist[,]" dismissal is appropriate under the economic loss rule. *See id.*

The basis of Plaintiff's negligent representation claim is that Plaintiff "for years paid Defendant when Defendant did not have authority, permission or the ability to collect on the note." (Pl.'s Am. Compl. at 22.) These allegations are intimately and inseparably linked to the contracts at issue in this case—the note and the deed of trust—because without them there would have been nothing for Defendant to allegedly misrepresent. As set forth above, because, absent the existence of the deed of trust and note, Plaintiff's "non-contractual claim of negligent misrepresentation would not exist," dismissal under the economic loss rule is proper. *DeFranceschi*, 837 F. Supp. 2d at 625; *Iacobucci v. Wells Fargo Bank*, No. 3:13-CV-1425-B, 2013 WL 6061343, at *10 (N.D. Tex. Nov. 15, 2013) (when a plaintiff's allegations "flow from [her] mortgage and [a] Defendant['s] attempt to foreclose thereon . . . a tort cause of action is likely otherwise unavailable"), *aff'd sub nom.*, *Iacobucci v. Wells Fargo, N.A.*, 567 Fed. App'x 257 (5th Cir. 2014). Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**

as to Plaintiff's claim for negligent misrepresentation and that such claim be **DISMISSED** **WITH** **PREJUDICE**.

### J.     Count 11: Negligence

Defendant also argues that Plaintiff's claim for negligence fails because Defendant "owes no duties to her independent of the loan agreement." (Def.'s Mot. Dismiss at 25.) The Court agrees.

"The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "The existence of a duty is a question of law." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Texas law "does not impose a legal duty on a mortgagee to a mortgagor that would give rise to a negligence claim." *Vinson v. Amerihome Mortg. Co., LLC*, No. 4:22-CV-0928-P, 2023 WL 2895251, at *2 (N.D. Tex. Apr. 11, 2023); *Del Rio Trejo v. Bank of Am., N.A.*, No. 3:19-CV-01406-L, 2020 WL 982004, at *2 (N.D. Tex. Jan. 21, 2020); *see also Scott v. Bank of Am.*, N.A., 597 F. App'x 223, 225 (5th Cir. 2014) (noting that there is no legal duty between parties to a contract absent some special relationship between them and holding that no such special relationship exists between mortgagor and mortgagee). The basis of Plaintiff's negligence claim is that Defendant owed her "a duty as outlined in the Deed of Trust." (Pl.'s Am. Compl. at 23.) As the duty alleged by Plaintiff is not independent of the loan agreement, it cannot sustain a claim for negligence.[5] *See Vinson*, 2023 WL 2895251, at *2. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claim for negligence and such claim be **DISMISSED** **WITH PREJUDICE**.

---

[5] The Court also notes that this conclusion would also require dismissal of Plaintiff's negligence claim under the economic loss rule discussed under count ten, negligent misrepresentation.

15

### K.     Count 12: Fraud in Real Estate Transaction

Next, Defendant argues that Plaintiff's "statutory fraud claim fails as a matter of law because Texas Business & Commerce Code § 27.01 only applies to claims in which she was induced to enter into a contract with Lakeview for the purchase of real estate or stock." (Def.'s Mot. to Dismiss at 27.) Once again, the Court agrees.

Texas Business & Commerce Code § 27.01 "applies only to fraud in real estate or stock transactions." *Dorsey*, 540 F.3d at 343 (citing Tex. Bus. & Com. Code Ann. § 27.01(a)(1)). A "loan transaction, even if secured by land, is not considered to come under the statute." *Id.* (quoting *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App. 2000)). Plaintiff's allegations of fraud revolve around "the Note and foreclosure per the terms of the Deed of Trust, and the fact that the monthly statements and payments were extremely inaccurate and inflated." As none of these allegations involve the purchase of real estate or stock transactions, her claim fails as a matter of law. Consequently, the Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as to Plaintiff's claim for statutory fraud and that such claim be **<u>DISMISSED WITH PREJUDICE</u>**.

### IV.     CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant Lakeview Loan Servicing, LLC's Motion to Dismiss [doc. 27] be **GRANTED**.[6]

---

[6] As set forth above, a dismissal with prejudice is appropriate when amending a complaint would be futile, *Schiller*, 342 F.3d at 566, or "if the court determines the plaintiff has alleged his best case." *Jones*, 188 F.3d at 327. The Court finds that Plaintiff has plead her best case because this is Plaintiff's third petition or complaint, and the Court has already given Plaintiff "a final opportunity to amend her complaint to plead her 'best case' prior to considering Defendant['s]" motion to dismiss. (Order Granting Leave to Am.at 1.) Thus, the Court is recommending dismissal with prejudice of counts one, two, five, six, eight, nine, ten, eleven, and twelve as futile and because Plaintiff has alleged her best case. The Court is also recommending dismissal with prejudice of counts four and seven because Plaintiff has alleged her best case. Finally, the Court is recommending that count three be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 16, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED October 2, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE