UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KAREN ELIZABETH MORTON,**

Plaintiff,

v.                                          **No. 4:24-cv-1107-P**

**LAKEVIEW LOAN SERVICING, LLC,**

Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 2, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 45. The FCR recommended this case be dismissed for failure to state a claim upon which relief can be granted. ECF No. 45. Plaintiff, Karen Morton, filed objections to the FRC on October 9, 2025. ECF No. 47. Because the Plaintiff proceeds *pro se*, we construe its objections liberally. Nevertheless, the Court adopts and accepts the reasoning of the FCR granting the motion to dismiss and concludes that the claims against Defendants are **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Karen Morton and her ex-husband granted to the Service Mortgage Company a lien against property located at 4005 Frisco Court, Granbury, Texas 76048, to secure repayment of a note in the original principal amount of $257,254. ECF No. 24 at 2. The loan was assigned to Defendant Lakeview Loan Servicing, LLC. ECF No. 24. Plaintiff paid her mortgage to Defendant in compliance with the loan agreement for years. ECF No. 24 at 22.

Subsequently, Plaintiff claims her monthly payment inextricably quadrupled, she lost her job twice, and that she was in a number of fatal accidents. ECF No. 24 at 3–4. Plaintiff then contacted Defendant for

help but did not receive the assistance she desired. ECF No. 24. Subsequently, Plaintiff hired a mortgage investigator who, she alleges, "uncovered a number of inconsistencies and errors made by Defendant Lakeview in the servicing of the loan." ECF No. 24 at 4. The investigator informed Plaintiff, and Plaintiff now believes that by "stamping the Note in blank and placing the Note in a REMIC [Defendant] has rendered the Note a legal nullity and the Deed of Trust unenforceable." ECF No. 24 at 11. Plaintiff later, on an unknown date, defaulted on her payment obligations either because she believed that the note was no longer enforceable or because of the situations set forth above. ECF No. 24 at 5. As a result, Plaintiff received a Notice of Foreclosure from Defendant.

Thereafter, on November 1, 2024, Plaintiff sued Defendant in the 355th District Court of Hood County, Texas, and obtained a temporary restraining order preventing a November 5, 2024, foreclosure sale. ECF No. 1 at 1–2. On November 12, 2024, Defendant removed the case to this Court. ECF No. 1 at 1. On January 9, 2025, Defendant moved to dismiss the case under Federal Rule of Civil Procedure 12(c). ECF No. 9 at 3. Plaintiff filed a motion requesting leave to amend her live pleading. ECF No. 17. The Court granted Plaintiff leave to amend and gave her "a final opportunity to amend her complaint to plead her 'best case' prior to considering Defendant['s]" motion to dismiss. ECF No. 19 at 1. Plaintiff then filed he Verified First Amended Complaint. ECF No. 24.

In Plaintiff's Amended Complaint, she alleges the following twelve claims against Defendant: (1) injunctive relief and application for temporary restraining order, (2) declaratory relief, (3) common law wrongful foreclosure, (4) breach of contract, (5) violations of the Federal Real Estate Settlement Procedures Act, (6) violations of the Truth in Lending Act, (7) violations of the Texas Fair Debt Collection Practices Act, (8) violations of the Federal Fair Debt Collection Practices Act, (9) violations of the Fair Credit Reporting Act, (10) negligent misrepresentation, (11) negligence, and (12) fraud in a real estate transaction in violation of Texas Business & Commerce Code § 27.01. ECF No. 24 at 6–24. In its motion, Defendant argues the Court should dismiss all of Plaintiff's claims for failure to state a claim under Rule 12(b)(6). ECF No. 27.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (cleaned up). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (cleaned up). A "court may consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (cleaned

up). If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

.

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

The Court agrees with the Magistrate Judge's conclusions that Plaintiff failed to state a claim upon which relief can be granted and thus that the motion should be dismissed. Accordingly, the Court adopts and accepts the reasoning in the Magistrate Judge's FCR and reviews Plaintiff's Objections.

### B. Plaintiff's Objections

#### 1. Lack of Consent to Magistrate Jurisdiction

Plaintiff claims that the Magistrate Judge entered a dispositive order without the written consent of parties. ECF No. 47 at 2. The Magistrate Judge, however, issued no such order. Rather, the Magistrate Judge issued Findings, Conclusions, and Recommendations for the District Judge to accept or deny.

#### 2. Improper Sua Sponte Actions Without Motion or Notice

Plaintiff claims that "[n]o motion to dismiss was filed" and that there was no opportunity to respond. ECF No. 47 at 2. A motion to dismiss was filed though, ECF No. 27, and the Plaintiff took her proper opportunity to object, ECF No. 47.

#### 3. Plaintiff Has Complied Fully with All Court Orders

While the Plaintiff may have complied fully with court orders as Plaintiff asserts, ECF No. 47 at 3, that does not bear on the question of whether the Plaintiff has stated a claim upon which relief can be granted.

#### 4. Denial of Access to Court Filings and Due Process

Plaintiff claims that she could not access two court orders on one occasion in violation of her constitutional right to open courts. ECF No. 47 at 3. This objection does not bear on the motion at issue.

5.    No Factual Record and Violation of Article III Judicial Authority

Plaintiff claims that the Magistrate Judge could not have lawfully made any findings because discovery has not began—and thus "usurped Article III authority." ECF No. 47 at 3. The FCR, however, is under review by the Court—an Article III entity—and the Magistrate Judge lawfully made findings relevant to a motion to dismiss. The Magistrate Judge properly reviewed the pleadings in light most favorable to Plaintiff and found that the facts alleged could not support a claim for relief.

6.    Title 26 (Internal Revenue Code) – Ignored Federal Jurisdiction over Securitized Instruments

Plaintiff objects that dismissal "forecloses inquiry into potential violations of 26 U.S.C. § 7402—which concerns internal-revenue laws." ECF No. 47 at 4. This objection fails because Plaintiff may not raise new arguments in objections. *Rangel v. Saul*, No. 5:19-cv-31, 2020 WL 3546875, at *1 n.1 (S.D. Tex. Mar. 8, 2020) (collecting cases).

7.    Unequal Treatment and Failure to Accommodate Pro Se Status

Plaintiff objects that pro se pleadings must be treated liberally and thus its deficiencies should be overlooked. ECF No. 47 at 4. A pro se litigant, however, even while given this leeway, must still "compl[y] with the relevant rules of procedural and substantive law" because "[a] pro se litigant is not entitled to greater rights than would be a litigant represented by a lawyer." *Reams v. Nielsen*, No. 18-389-SDD-EWD, 2019 WL 1931742, at *1 (M.D. La. Apr. 30, 2019). And here, under no circumstances do Plaintiff's pleadings pass the motion to dismiss threshold.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR,

and Plaintiff's Objections the Court **AFFIRMS** and **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections. Accordingly, all claims against Defendant are **DISMISSED with prejudice**.

 **SO ORDERED** on this **22nd day of October 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE